UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY P. FRANKLIN,

    Petitioner,

v.

R. FISHER, JR., Warden,

    Respondent.

No. 2:19-cv-02427 GGH P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

Petitioner requests in his habeas petition resentencing pursuant to California Senate Bill 136. ECF No. 1 at 2, 4. Petitioner was convicted and sentenced in Sacramento County Superior Court for sexual battery, rape, lewd act on a child, and received sentencing enhancements for prior violent and non-violent felonies pursuant to Cal. Pen. Code §§ 667(a), 667.5(b). Id. at 9. The petition, however, is directed to the Sacramento County Superior Court. Id. at 1. It appears that the petition may have been misfiled in the incorrect court. On the contrary, if petitioner intended to file in this court, the petition nevertheless fails to raise a federal cognizable claim.

1

A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "Senate Bill 136 amends the circumstances under which a one-year sentence enhancement may be imposed under [California Pen. Code] section 667.5, subdivision (b)." People v. Lopez, 254 Cal. Rptr. 3d 883, 885 (Ct. App. 2019). Petitioner asks only that he be resentenced "in absentia." Accordingly, petitioner's claim that his sentence should be reduced pursuant to Senate Bill 136 is not a cognizable federal claim.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In the instant case, it is plain from the petition and the exhibit provided that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.[1]

---

[1] Nothing in this Findings and Recommendations precludes petitioner from seeking review in the state courts.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: December 30, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE